UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THUONG HOIA TRUONG,<br><br>　　　　Defendant. | CASE NO.　CR06-319JLR<br><br>DETENTION ORDER |

Offenses charged:

　　Count I:　　Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846; and

　　Count II:　　Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing: September 28, 2006.

　　The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ye-Ting

DETENTION ORDER
PAGE -1-

Woo. The defendant was represented by Dean Nguyen.

The Government moves for detention, noting strong evidence supporting the alleged criminal activity of the defendant. Surveillance of the defendant reveals daily activity in furtherance of the conspiracy, including regular and frequent delivery of marijuana and/or proceeds from the sale of marijuana during the evenings and weekends. Additionally, the Government asserts that this criminal activity is corroborated by the firearm and five (5) pounds of marijuana found and seized at the defendant's residence during execution of a search warrant. The Government contends that the defendant has a history of unstable residence, and is currently the roommate of a co-defendant in the pending matter. Lastly, the Government notes that the defendant presents a heightened flight risk given his outstanding Spokane warrant, his alias names, and association of three dates of birth.

The defendant argues for release, citing strong ties to this district, strong family support, and gainful employment with permission to return to that place of employment in the event of his release. The defendant counters that there is no indication of failing to appear for past court appearances, and claimed to have no knowledge of the Spokane arrest warrant.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>.  The instant offense is a conspiracy drug offense.  The intertwining relationship of the co-defendants in this alleged conspiracy involves relatives, close friends, significant others and/or roommates.  The investigation is ongoing, and it appears that this defendant has access to significant monetary resources which may be used to facilitate flight.  It should be noted that one co-defendant in this matter has reportedly already fled to Vietnam to avoid prosecution.

(b) <u>The weight of the evidence</u>.  There is substantial evidence corroborating the instant charges, including surveillance of the defendant's daily activity and the seizure of drugs and a firearm from his residence.

(c) <u>The history and characteristics of the person</u>.  In the Court's view, the family ties this defendant has to this district are undermined by their involvement in this alleged conspiracy.  This defendant is also associated with alias names and three dates of birth, with a history of failing to appear for court hearings as reflected by his outstanding Spokane warrant.

(d) <u>Risk of danger to the community</u>.  The nature of the instant offense consists of a drug conspiracy and money laundering involving large sums of cash, both of which pose a risk to the community.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure

DETENTION ORDER
PAGE -3-

future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of September, 2006.

_____
Monica J. Benton
U.S. Magistrate Judge